UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Thomas Capell, | ) | No. 6:24-cv-4779-DCC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Andrew R. Moates, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Thomas Capell ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee and is presently incarcerated at the Greenville County Detention Center ("GCDC") on charges pending against him in the Greenville County Court of General Sessions. ECF No. 1 at 2, 4. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the District Judge. For the reasons below, this action is subject to summary dismissal.

**BACKGROUND**

Plaintiff makes the following allegations in his Complaint. ECF No. 1. Plaintiff contends he has been deprived of his life and liberty without due process of law and has been denied equal protection of the law as he was never given any warrants. *Id.* at 4. Specifically, Plaintiff alleges that on December 20, 2023, while he was at "Kirkland R and E for a separate charge," officers from the Greenville County Sheriff's Office ("GCSO") picked him up and took him to the GCDC. *Id.* at 5. While he was being booked into the GCDC, an officer handed him four "Affidavit/Arrest warrant request[s]" (numbers 2023A2330210672, -0673, -0674, and -0675). *Id.* Plaintiff contends

that these were "not warrants." *Id.* Plaintiff contends he has not been provided with a preliminary hearing. *Id.* He also has seen his public defender only one time since being taken to GCDC on December 20, 2023. *Id.* Plaintiff contends his public defender said he had to go through Plaintiff's discovery motion. *Id.* Plaintiff has written to the public defender twice requesting that he come see him, but his requests have gone unanswered. *Id.* For his relief, Plaintiff requests that the Court require the GCSO provide him with warrants, with discovery, and with a preliminary hearing. *Id.*

Plaintiff has attached to his Complaint a copy of an arrest warrant at case number 2023A2330210672. ECF No. 1-1. The sole Defendant named in this case, Andrew R. Moates, is the affiant who sought the arrest warrant. *Id.* at 1. The arrest warrant was issued by the Honorable Letonya T. Simmons on December 1, 2023. *Id.* The arrest warrant contains a notation that Plaintiff was served with the arrest warrant on December 20, 2023. *Id.*

Additionally, the Court takes judicial notice that Plaintiff has been charged with the following crimes in the Greenville County Court of General Sessions: burglary at case number 2023A2330210672, larceny at case number 2023A2330210673, possession of a weapon during a violent crime at case number 2023A2330210674, and conspiracy/criminal conspiracy at case number 2023A2330210675. *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/greenville/PublicIndex/PISearch.aspx (last visited Sept. 5, 2024) (search by case numbers listed above); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Plaintiff has been indicted on each of the charges (indictment numbers 2024GS2302824, 2024GS2302825, 2024GS2302826).

## **STANDARD OF REVIEW**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim

cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the pro se pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint filed in this case is subject to dismissal for the reasons below.

The crux of Plaintiff's claims in this case is that he has not been provided with a copy of any warrants nor has he been afforded a preliminary hearing. Plaintiff also contends his public defender has failed to meet with him except for one occasion. His allegations, however, fail to state a plausible claim for relief.

First, Plaintiff is not entitled to a preliminary hearing as he was indicted on the charges pending against him, and the denial of a preliminary hearing did not violate his constitutional rights. A preliminary hearing is an informal procedure used to determine whether there is probable cause to believe the defendant committed a felony. *Mikell v. Wilson*, No. 2:15-cv-3409-PMD, 2015 WL 6408189, at *4 (D.S.C. Oct. 21, 2015). The United States Supreme Court has explained that, at a preliminary hearing, the Constitution does not require that a defendant be provided with "the full panoply of adversary safeguards" afforded at trial, such as counsel and confrontation. *Gerstein v. Pugh*, 420 U.S. 103, 119-121 (1975); *see also United States v. Kabat*, 586 F.2d 325 (4th Cir. 1978). In South Carolina, a preliminary hearing is not generally held if the defendant is indicted by the grand jury or waives indictment before a preliminary hearing is held. Rule 2(b), SCR Crim. P. "The indictment itself constitutes a finding of probable cause and thus avoids the need for a preliminary hearing." *State v. McClure*, 289 S.E.2d 158, 160 (S.C. 1982); *Law v. S.C. Dept. of Corrections*, 629 S.E.2d 642, 649 (S.C. 2006). "It has been a long-standing rule that the return of an indictment by the grand jury eliminates the requirement of holding a preliminary hearing." *United States v. Soriano-Jarquin*, 492 F.3d 495, 502 (4th Cir. 2007), *cert. denied*, 552 U.S. 1189 (2008); *Mikell*, 2015 WL 6408189, *5 (same, holding that the complaint failed to state a claim under § 1983); *Cole v. White*, Case No. 2:16-cv-3548-RMG-MGB, 2017 WL 746385, *3 (D.S.C. Feb. 2, 2017), *Report and Recommendation adopted by* 2017 WL 748979 (D.S.C., Feb. 24, 2017). In other words, the probable cause requirement may be satisfied either by a preliminary

hearing or by indictment by a grand jury. *Soriano-Jar quin*, 492 F.3d at 504 ("[T]he defendant's indictment mooted any questions surrounding the preliminary hearing."). Here, because Plaintiff was indicted on the charges pending against him, his allegation that he was deprived of a preliminary hearing fails to state a claim under § 1983 for the violation of a constitutional right. *See Reynolds v. South Carolina*, No. 4:17-cv-298-BHH-MGB, 2017 WL 9288222, at *4 (D.S.C. Mar. 1, 2017) (summarily dismissing claim that the plaintiff was not afforded a preliminary hearing where he was indicted), *Report and Recommendation adopted by* 2017 WL 2115576 (D.S.C. May 16, 2017), *aff'd*, 698 F. App'x 103 (4th Cir. 2017).

Next, Plaintiff's claim that he was not provided a copy of any warrants is also without merit. First, Plaintiff has attached to his Complaint a copy of an arrest warrant at case number 2023A2330210672 issued by Judge Simmons on December 1, 2023, and served on Plaintiff on December 20, 2023. ECF No. 1-1. Thus, Plaintiff's own attachment to his Complaint shows his allegations are without merit. Further, a review of the Public Index demonstrates that warrants were issued and served on Plaintiff in each of the four cases pending against him. Plaintiff's contention that the warrants were "warrant requests" and not actual warrants are without merit. The arrest warrant attached to Plaintiff's Complaint shows that it was a duly issued warrant based on the judge's evaluation of probable cause.

Next, to the extent Plaintiff is asserting a claim for denial of counsel, his allegations fail to state a claim for relief. First, Plaintiff acknowledges he has met with his attorney on at least one occasion. Further, Plaintiff concedes that he has written to his attorney, although he contends his communications have gone unanswered. Plaintiff does not allege, however, that he has been denied access to his attorney or an inability to communicate with his attorney. Additionally, to the extent Plaintiff purports to assert a claim under 42 U.S.C. § 1983 against his public defender, any

such claim is without merit. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 317, 325 (1981); *see also Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (concluding a court-appointed attorney was entitled to dismissal of the plaintiff's § 1983 claim against him for want of state action). Plaintiff has not named his public defender as a Defendant in this action and, even if he had, the public defender would not be a proper party to this § 1983 action because he would not be considered a state actor. *See Curry v. South Carolina*, 518 F. Supp. 2d 661, 667 (D.S.C. 2007) (explaining public defenders are not state actors under § 1983 and thus entitled to dismissal); *Quinn v. Hayes*, No. 7:23-cv-06174-HMH-JDA, 2024 WL 498117, at *3 (D.S.C. Jan. 16, 2024) (dismissing the plaintiff's claim against his attorney for lack of state action), *Report and Recommendation adopted by* 2024 WL 497884 (D.S.C. Feb. 8, 2024).

Further, to the extent Plaintiff is attempting to assert a claim under the Fourth Amendment for false arrest, unlawful detention, and/or malicious prosecution, any such claim is without merit. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Section 1983 actions premised on false arrest, false imprisonment, or malicious prosecution are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g., Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"); *Lambert v.*

*Williams*, 223 F.3d 257, 260 (4th Cir. 2000) ("What is conventionally referred to as a '§ 1983 malicious prosecution' action is nothing more than a § 1983 claim arising from a Fourth Amendment violation."). To state a § 1983 claim for a seizure violative of the Fourth Amendment, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Thus, "[t]he Fourth Amendment is not violated by an arrest based on probable cause." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal quotation marks omitted); *see also Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (concluding that § 1983 claims of false arrest and malicious prosecution were precluded because of the issuance of an indictment). The record before the Court does not establish that Plaintiff was seized pursuant to legal process unsupported by probable cause. This is so because the Public Index shows that a warrant was issued for each of the charges against Plaintiff and he has not alleged facts to show that the warrants were unsupported by probable cause. Additionally, because Plaintiff was indicted on all the charges pending against him, the indictments conclusively determine the existence of probable cause as to those charges. Further, and critically, Plaintiff has failed to allege facts showing that any of the charges against him have been terminated in his favor. Because he has failed to show this favorable termination, his claims are without merit. The charges against Plaintiff of which he complains remain pending against him in the state court.

> Properly addressing such claims would launch this Court into speculation and could certainly result in restraining Plaintiff's underlying criminal prosecution. Such inquires should properly be

> left to the state courts at this time and Plaintiff may certainly raise these precise concerns in such a proceeding.

*Newsome v. Floyd*, No. 4:23-cv-03968-RBH, 2024 WL 1152614, at *2 (D.S.C. Mar. 18, 2024) (summarily dismissing the plaintiff's causes of action for malicious prosecution, false arrest, violation of due process, and fourth amendment violations). "To state a valid claim for malicious prosecution, [a plaintiff] must allege in his complaint that the charges resolved favorably to him. That cannot be alleged while the criminal charges are still pending . . ." *Deel v. McGrow*, No. 7:23-cv-00283, 2024 WL 2809349, at *3 (W.D. Va. May 31, 2024) (dismissing malicious prosecution claim).

Finally, the sole Defendant named in this action is subject to dismissal because Plaintiff has failed to make any allegations of his personal involvement in the alleged deprivations of his constitutional rights. Although Defendant is named in the caption of the Complaint, Plaintiff makes no allegations against him in the body of the Complaint. As such, Defendant is entitled to dismissal from this action for lack of allegations of his personal involvement. *See Garner v. Cohen*, No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016), *Report and Recommendation adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim").

In sum, Plaintiff has failed to allege facts to state a cognizable constitutional claim, and this action is therefore subject to summary dismissal.[1]

---

[1] Additionally, the Court could abstain from hearing Plaintiff's claims related to his pending state court criminal charges under *Younger v. Harris*, 401 U.S. 37 (1971) (explaining that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances"). However, because the case is subject to dismissal for the reasons explained herein, the undersigned declines to address whether abstention (and therefore a

**CONCLUSION AND RECOMMENDATION**

Therefore, IT IS RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. §§ 1915 and 1915A without service of process and without leave to amend.[2]

s/Bristow Marchant
United States Magistrate Judge

September 6, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

stay, *see Vyas v. Morris*, No. 23-6625, 2024 WL 2874284, at *1 (4th Cir. June 7, 2024)) would be warranted under *Younger*.

[2] The undersigned finds that any attempt to cure the deficiencies would be futile for the reasons stated herein. Accordingly, the District Court should dismiss this action without affording Plaintiff an opportunity to amend his Complaint. *See Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018) (declining to grant an opportunity to amend where amendment would be futile); *see also Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) ("[W]hen a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).